**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000107
27-MAY-2015
08:44 AM**

NO. CAAP-13-0000107

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PHILIP CEDILLOS, Plaintiff/Counterclaim Defendant-Appellant,
v. PATRICIA MASUMOTO, Defendant/Counterclaim Plaintiff-Appellee

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(DC-CIVIL NO. 12-1-2171)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Plaintiff-Appellant Philip Cedillos (**Cedillos**) appeals from the Judgment for Possession and Writ of Possession, both filed on January 17, 2013, in the District Court of the Second Circuit, Wailuku Division (**District Court**).[1]

On appeal, Cedillos contends the District Court erred by: (1) granting Defendant-Appellee Patricia Masumoto (**Masumoto**) leave to file a counterclaim for summary possession; (2) allowing the counterclaim for summary possession to be adjudicated prior to hearing Cedillos's complaint; (3) denying his request to establish a rental trust fund pursuant to Hawaii Revised Statutes (**HRS**) § 521-78 (2006); (4) granting summary possession based on a finding that he failed to pay rent for November 2012; and (5) denying a stay of the writ of possession.

---

[1] The Honorable Blaine J. Kobayashi presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Cedillos's points of error as follows:

(1)  We consider Cedillos's claim that the District Court erred by allowing Masumoto to file a counterclaim for summary possession in light of the Hawai'i Supreme Court's holding that:

> "Since the decision whether to allow [a] counterclaim to be pleaded is a matter of judicial discretion, it can be reversed on appeal only if the party can demonstrate that the court abused its discretion." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Omitted Counterclaims § 1430 ([3d ed.] 1983).

Shanghai Investment Co. v. Alteka Co., 92 Hawai'i 482, 492, 993 P.2d 516, 526 (2000), overruled on other grounds by Blair v. Ing, 96 Hawai'i 327, 331 n.6, 31 P.3d 184, 188 n.6 (2001)).  Cedillos must also show undue prejudice by allowance of Masumoto's counterclaim.  Id. at 493, 993 P.2d at 527.  On appeal, Cedillos failed to provide any argument as to how the District Court abused its discretion in allowing Masumoto to file a counterclaim or state how he was prejudiced when the District Court allowed the counterclaim to be filed.  Therefore, this contention is without merit.

(2)  Cedillos argues that the District Court erred by adjudicating Masumoto's claim for possession of the premises prior to hearing his complaint.  Cedillos's complaint raised a number of claims, including a "claim" for retaliatory eviction, in violation of HRS § 521-74 (2006).  However, retaliatory eviction is an affirmative defense.  Contrary to Cedillos's contention, the District Court did not prevent him from presenting evidence of retaliatory eviction as a defense to Masumoto's claim for possession.

"The court has the discretion in a summary possession case to sever the issue of a determination of the landlord's right to summary possession from other issues."  KNG Corp. v. Kim, 107 Hawai'i 73, 79 n.10, 110 P.3d 397, 403 n.10 (2005).

Therefore, the District Court did not abuse its discretion by adjudicating Masumoto's summary possession claim prior to considering Cedillos's complaint.

The District Court found that Masumoto was entitled to possession of the premises on two grounds, i.e., Cedillos failed to pay rent for November 2012 and Cedillos remained on the premises despite receiving a forty-five day notice to vacate.

HRS § 521-74 states, in part:

> § 521-74 **Retaliatory evictions and rent increases prohibited.** (a) Notwithstanding that the tenant has no written rental agreement or that it has expired, so long as the tenant continues to tender the usual rent to the landlord or proceeds to tender receipts for rent lawfully withheld, no action or proceeding to recover possession of the dwelling unit may be maintained against the tenant, nor shall the landlord otherwise cause the tenant to quit the dwelling unit involuntarily, nor demand an increase in rent from the tenant; nor decrease the services to which the tenant has been entitled, after:
>
> > (1) The tenant has complained in good faith to the department of health, landlord, building department, office of consumer protection, or any other governmental agency concerned with landlord-tenant disputes of conditions in or affecting the tenant's dwelling unit which constitutes a violation of a health law or regulation or of any provision of this chapter; or
> >
> > (2) The department of health or other governmental agency has filed a notice or complaint of a violation of a health law or regulation or any provision of this chapter; or
> >
> > (3) The tenant has in good faith requested repairs under section 521-63 or 521-64.

Cedillos had the burden of proving retaliatory eviction under HRS § 521-74 by a preponderance of the evidence. <u>Windward Partners v. Delos Santos</u>, 59 Haw. 104, 117, 577 P.2d 326, 334 (1978) (retaliatory eviction is an affirmative defense). Cedillos claims that Masumoto was prohibited from maintaining a proceeding for possession of the premises under HRS § 521-74 because he tendered rent for November 2012.

However, even assuming that the District Court erroneously found that Cedillos did not tender rent for November 2012, Cedillos did not prove that he complied with HRS § 521-74(a)(1), (2), or (3). Cedillos did not testify nor present

other evidence that he made a complaint that constituted a violation of a health law, regulation, or any provision of HRS Chapter 521. Nor did Cedillos prove that the department of health or any other governmental agency filed a notice or complaint of violation of a health law, regulation or any provision of HRS Chapter 521. Lastly, while there was some evidence introduced that repairs were made to the property, the record demonstrates that those issues were resolved to Cedillos's satisfaction. In Exhibit F, admitted into evidence, an email from Cedillos to Masumoto dated February 18, 2012, Cedillos stated, "Pat, you have demonstrated that you want to - and have - complied with all the rental codes that are applicable. In addition you have made great improvements to your property that you did not have to make." In Exhibit Q, admitted into evidence, an email from Cedillos to Masumoto dated August 8, 2012, Cedillos stated "I don't think that $82.86 for materials and labor is unreasonable to bring the firewall unit separation up to Code. It is a done deal now and the units are safe." Masumoto testified that Cedillos made improvements to the rental unit and that he deducted it from his rent. Thus, Cedillos failed to carry his burden under HRS § 521-74(a) and he was not entitled to invoke the defense of retaliatory eviction. Cedillos does not challenge the District Court's determination that Masumoto was entitled to possession based upon the forty-five day notice to vacate. Therefore, Masumoto was entitled to possession of the premises on that ground even if she failed to prove that Cedillos failed to pay rent for November 2012.

(3) We conclude that the District Court did not err by denying Cedillos's request to establish a rental trust fund. The record indicates that, in his request to establish a rental trust fund, Cedillos requested that the District Court order Masumoto, the landlord, to deposit money to a rental trust fund "for improper rental overpayments." The plain language of HRS § 521-78 allows the District Court to order a tenant, not a landlord, to deposit disputed rent into the rent trust fund. See HRS § 521-78(a).

(4) Even assuming that the District Court erred by finding that Cedillos failed to tender or pay rent for November 2012, it was harmless error. As explained above, the District Court also found that Cedillos failed to vacate the premises after receiving a forty-five day notice to vacate and Cedillos failed to establish retaliatory eviction. Therefore, Masumoto was entitled to possession of the premises, regardless of whether Cedillos tendered or paid rent for November 2012.

(5) The District Court did not err by denying Cedillos's request to stay the writ of possession. Cedillos cites HRS § 666-14 (1993)[2] in support of his claim that the District Court was required to issue a stay of a writ of possession. Cedillos claims that he made an oral motion to stay issuance of a writ of possession pending tender of payment, but the District Court denied it without hearing any argument. Cedillos further claims that he filed a written motion for stay on January 14, 2013, prior to issuance of the writ of possession issued on January 17, 2013.

Court minutes indicate that the District Court denied Cedillos's oral motion for stay. However, no transcript of the proceeding was provided by Cedillos. Because the factual basis for Cedillos's claim that the District Court failed to hear any arguments on the oral motion is not in the record on appeal, this court cannot effectively review the merit of the claim. State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000). Cedillos has failed to carry his burden of proving error in the record on this point. Id. Cedillos's written motion, received on January 14, 2013 and denied on January 31, 2013, stated "Defendant Movant

---

[2] HRS § 666-14 states:

§666-14 Writ stayed how, in proceedings for nonpayment of rent. The issuing of the writ of possession shall be stayed in the case of a proceeding for the nonpayment of rent, if the person owing the rent, before the writ is actually issued, pays the rent due and interest thereon at the rate of eight per cent a year and all costs and charges of the proceedings, and all expenses incurred by plaintiff, including a reasonable fee for the plaintiff's attorney.

offer[s] payment pursuant to HRS 666-14 for stay of writ of possession," but failed to comply with HRS § 666-14, which requires actual payment prior to issuance of writ of possession in order to obtain a stay. Cedillos only offered to pay Masumoto an unspecified amount prior to issuance of the writ of possession.

Therefore, the District Court's Judgment for Possession and Writ of Possession, both filed on January 17, 2013, are affirmed.

DATED: Honolulu, Hawai'i, May 27, 2015.

On the briefs:

Philip Cedillos
Pro Se Plaintiff/Counterclaim
Defendant-Appellant

Matson Kelley
for Defendant/Counterclaim
Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge